UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-62311-EA

RICHARD ROSS,

Plaintiff,

vs.

SCHOOL BOARD OF
BROWARD COUNTY, et al.,
Defendants.
_____/

### DEFENDANT VALERIE HARRIS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE COUNSEL

Defendant VALERIE HARRIS, by and through undersigned counsel, respectfully submits this Response in Opposition to Plaintiff's Motion to Disqualify Defense Counsel (ECF No. 63) and states as follows:

1. Plaintiff seeks the extraordinary and drastic remedy of disqualification based on speculation, mischaracterization of routine litigation conduct, and conclusory allegations of ethical violations. Because Plaintiff has failed to identify a genuine conflict of interest or establish a violation of any applicable ethical rule, the Motion should be denied.

2. Disqualification of counsel is an extraordinary remedy that courts must employ sparingly. *Gen. Cigar Holdings, Inc. v. Altadis, S.A.*, 144 F. Supp. 2d 1334, 1337 (S.D. Fla. 2001). While courts must ensure ethical conduct, they must also safeguard a litigant's constitutionally based—though not absolute—right to counsel of choice. *In re BellSouth Corp.*, 334 F.3d 941, 955 (11th Cir. 2003).

3. Accordingly, courts must strike a careful balance between enforcing ethical rules and preserving the important social interest in allowing parties to retain freely chosen counsel. *Armor Screen Corp. v. Storm Catcher, Inc.*, 709 F. Supp. 2d 1309, 1317 (S.D. Fla. 2010) (quoting *Woods v. Covington Cnty. Bank*, 537 F.2d 804, 810 (5th Cir. 1976)).

Because disqualification is a "harsh sanction," it should be "resorted to sparingly." *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982).

4. The moving party bears the burden of proving that disqualification is warranted. *In re BellSouth Corp.*, 334 F.3d at 961. A court may not disqualify counsel based on generalized notions of fairness or inherent authority; rather, it must identify a specific ethical rule and find that counsel violated it. *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997). Because a litigant is presumptively entitled to counsel of its choosing, only a compelling reason will justify disqualification. *In re BellSouth Corp.*, 334 F.3d at 961. And because a disqualification motion may be used to harass or for a tactical advantage, it should be viewed with caution. *Hermann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006).

5. Here, Plaintiff has not met this burden as his Motion relies almost entirely on unsupported accusations, speculation about counsel's motives, and disagreement with litigation positions taken on Defendant Harris's behalf. Such allegations fall far short of the "compelling reason" required to override Defendant's presumptive right to counsel of her choosing. *In re BellSouth Corp.*, 334 F.3d at 961.

## *There is no conflict of interest*

6. Plaintiff contends that defense counsel has a personal-interest conflict under Rule 4-1.7(a)(2) because Plaintiff chose to file a separate defamation lawsuit against counsel. This argument fails as a matter of law.

7. A party cannot manufacture a conflict of interest—and thereby force disqualification—by suing opposing counsel based on statements made in the course of representation. Accepting Plaintiff's theory would invite abuse and permit disqualification motions to be wielded as tactical weapons which Courts have repeatedly warned about. *See Hermann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006).

8. As stated in the plaintiff's motion:
   "*Defendant Harris will undoubtedly be an important witness in the Defamation Lawsuit, and it is **highly likely** that her testimony will be adverse to Mr. Paradise's personal interests, **especially if** the statements and beliefs that he attributed to Ms. Harris in the Draft Motion are not true and were fabricated by Mr. Paradise in an attempt to obtain a protective order against Plaintiff*" [emphasis added].

9. The plaintiff assumes—without evidence—that Mr. Paradise fabricated statements or falsely attributed beliefs solely to Defendant Harris. These accusations are conclusory, unproven, and contested. Disqualification cannot rest on speculative allegations or hypothetical findings.

10. Moreover, Plaintiff offers no evidence that counsel's representation of Defendant Harris has been, or will be, materially limited by any alleged personal interest. Speculation that Defendant Harris "may" be a witness in separate litigation or that counsel "might" someday reveal confidential information is insufficient. The mere possibility of future adversity does not constitute a present, disqualifying conflict.

## *Defense counsel did not violate any Rule of Professional Conduct*

9. Plaintiff also alleges violations of Rules 4-3.1, 4-3.3, and 4-8.4 based on counsel's filing of a motion for protective order and related communications. These allegations are conclusory and unsupported by evidence.

10. Disagreement with the factual assertions or legal arguments made in a motion does not transform advocacy into an ethical violation. Plaintiff identifies no finding—by this Court or any other tribunal—that defense counsel made false statements or acted in bad faith. Absent such findings, Plaintiff's accusations amount to nothing more than advocacy disputes, which are properly resolved through motion practice, not disqualification.

11. Once a party becomes aware of a genuine conflict or ethical breach, a motion to disqualify may be the proper mechanism to raise the issue. *Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742, 744 (5th Cir. 1980). But where, as here, the motion is

grounded in conjecture, personal animus, and dissatisfaction with opposing counsel's litigation strategy, it must be denied.

12. Allowing disqualification under these circumstances would prejudice Defendant Harris, disrupt the orderly progression of this case, and reward precisely the type of tactical maneuvering courts are cautioned to avoid.

13. Plaintiff has failed to carry his heavy burden of demonstrating a compelling reason to disqualify defense counsel. The Motion is unsupported by evidence, inconsistent with governing law, and contrary to the strong presumption in favor of a party's right to chosen counsel.

   WHEREFORE, Defendant Valerie Harris respectfully requests that this Court deny Plaintiff's Motion to Disqualify Defense Counsel, and grant such other and further relief as the Court deems just and proper, including sanctions in the amount of $300.00 for attorney's fees incurred by Defendant in responding to Plaintiff's Motion to Disqualify.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via Electronic Mail on January 14, 2026 to: Richard Ross, pro se [rmross7200@hotmail.com].

**Vernis & Bowling of Broward, P.A.**
5821 Hollywood Boulevard
Hollywood, FL 33021
(954) 927-5330
(954) 927-5320 (Fax)

By: */s/ Thomas W. Paradise*
Thomas W. Paradise, Esq.
Fla. Bar No.: 907235
Megan Pariti, Esq
Fla. Bar No. 1002533