**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:24-CV-62311-ARTAU/AUGUSTIN-BIRCH**

**RICHARD ROSS,**

**Plaintiff,**

**v.**

**SCHOOL BOARD OF BROWARD COUNTY, *et al.*,**

**Defendants.**
______________________________________/

**REPORT AND RECOMMENDATION ON**
**MOTIONS IN LIMINE AND TO BIFURCATE TRIAL**

This cause comes before the Court on Defendant School Board of Broward County's Motion in Limine to Exclude Evidence and Argument Concerning the School Board Human Resources' Approval for Hiring of Applicants [DE 156]; Plaintiff Richard Ross's Motion to Bifurcate Trial into Separate Liability and Damages Phases [157]; and Plaintiff's Motion in Limine Regarding After-Acquired Evidence of Civil Litigation and Restraining Orders Involving Plaintiff [158]. The Honorable Ed Artau, United States District Judge, has referred the Motions to the undersigned United States Magistrate Judge for appropriate disposition. DE 82. The Court has carefully reviewed the Motions, the Responses thereto [DE 160, 161, and 162], the entire record, and is otherwise fully advised in the premises.

For the reasons set forth below, the Court **RECOMMENDS** that Defendant's Motion in Limine [DE 156] be **DENIED**; Plaintiff's Motion to Bifurcate Trial [DE 157] be **DENIED**; and Plaintiff's Motion in Limine [DE 158] be **DENIED.**

## I. Motions in Limine

In the Eleventh Circuit, motions in limine are disfavored because they ask the court to determine the admissibility of evidence in a vacuum. *See Britt v. Wal-Mart Stores E., LP*, 599 F. Supp. 3d 1259, 1263 (S.D. Fla. 2022) ("In the Eleventh Circuit, motions in limine are generally disfavored as admissibility questions should be ruled upon as they arise at trial."); *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013) ("Motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial.").

As such, unless evidence is clearly inadmissible, "evidentiary rulings must be deferred until trial to allow questions regarding foundation, relevancy, and prejudice." *Britt*, 599 F. Supp. 3d at 1263 (quotation marks omitted); *see also United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) ("a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds"). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Gonzalez*, 718 F. Supp. 2d at 1345. Importantly, even when a court does issue an evidentiary ruling on a motion in limine, such ruling is "not binding on a trial court and remain[s] subject to reconsideration during [the] course of trial." *Begualg Inv. Mgmt., Inc.*, 2013 WL 750309, at *1; *see also Gonzalez*, 718 F. Supp. 2d at 1345 ("At trial, the court may alter its ruling based on developments at trial or on its sound judicial discretion.").

### A. Defendant's Motion in Limine

Defendant moves this Court to exclude evidence, testimony, or argument regarding whether Defendant's Human Resources Department ("HR") properly reviewed, processed, or approved the successful applicant's hiring. DE 156. In support, Defendant argues that whether HR properly approved the successful applicant's hiring is (1) irrelevant to the principal's decision not

to interview Plaintiff, *see id.* at 4, and (2) collateral to the ultimate issues in this case and would, therefore, waste time and create confusion. *Id.* at 5.

In response, Plaintiff argues that HR's role in the successful applicant's hiring is relevant to whether the reason articulated by Defendants for not interviewing Plaintiff was pretextual. DE 160. Specifically, Plaintiff contends that whether HR (1) complied with applicable state regulations and Defendant's own policies and procedures and (2) acted independently from the principals or simply "rubber stamped" their hiring recommendations bears directly on the ultimate issues in this case. *Id.* at 2–3. The Court agrees.

The Eleventh Circuit has repeatedly recognized that an employer's violation of, or deviation from, its established hiring procedures may constitute evidence of pretext. *See Adams v. Fulton Cnty., Ga.*, 397 F. App'x 611, 613 (11th Cir. 2010) ("An employer's violation of its own normal hiring procedure may be evidence of pretext."); *Conner v. Lafarge N. Am., Inc.*, 343 F. App'x 537, 542 (11th Cir. 2009) (same); *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1299 (11th Cir. 2006) (same); *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 644 (11th Cir. 1998) (same).

Here, as explained by Defendant itself, its hiring process consists of three stages. DE 160 at 2. First, HR receives candidates' applications and forwards them to the appropriate school administrators. *Id.* Second, school administrators review the materials, select candidates for interviews, and, following the interviews, recommend a candidate for hire to HR. *Id.* Third, HR conducts a final review of the recommended candidate's credentials and qualifications, including fingerprinting, internet screening, and background checks. *Id.* HR then notifies the candidate and school administration whether the candidate is approved for formal hire. *Id.*

It is clear, then, that HR plays a critical role in Defendant's hiring process – it performs a substantive review before a candidate may be formally hired. Accordingly, evidence that HR failed to follow applicable state regulations or Defendant's established policies and procedures – or failed to independently evaluate the recommended candidate – could support an inference that Defendant's proffered legitimate, nondiscriminatory reason for not interviewing Plaintiff was pretextual. Such evidence bears directly on a material issue in this case and is neither irrelevant nor merely collateral.

Accordingly, the Court recommends that Defendant's Motion in Limine to exclude evidence, testimony, or argument regarding whether HR properly reviewed, processed, or approved the successful applicant's hiring [DE 156] be denied.

**B. Plaintiff's Motion in Limine**

Plaintiff moves this Court to exclude evidence or testimony concerning (1) prior civil lawsuits involving Plaintiff; (2) temporary restraining orders entered against Plaintiff; and (3) a video-recorded encounter between Plaintiff and a neighbor during which Plaintiff allegedly made a homophobic slur, all of which predate Plaintiff's application for employment with the School Board. DE 158. In support, Plaintiff contends that such evidence is either irrelevant or substantially more prejudicial than probative. *Id.* at 2–8. With respect to his prior involvement in civil lawsuits, Plaintiff further argues that such evidence constitutes improper character evidence offered to suggest that he is a chronic litigant with a propensity to engage in litigation. *Id.* at 3.

In response, Defendants argue that the evidence is directly relevant to whether Plaintiff can establish that he was qualified for the positions at issue because the School Board requires applicants to possess "good moral character" pursuant to Florida law. DE 162 at 2. According to Defendants, Plaintiff's prior civil lawsuits, the temporary restraining orders, and the altercation

with his neighbor would have been discovered during HR's screening and background-check and, Defendants contend, would have rendered Plaintiff unqualified for the positions. *Id.* at 3.

At this stage, the Court cannot conclude that the evidence Plaintiff seeks to exclude is clearly inadmissible. Plaintiff's prior conduct may bear on whether he satisfied the "good moral character" requirement applicable to the positions for which he applied and whether he was qualified for those positions. Accordingly, the Court recommends that Plaintiff's Motion in Limine [DE 158] be denied and that determination of whether such evidence may be admitted be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context.

## II. Plaintiff's Motion to Bifurcate

Plaintiff seeks to bifurcate the trial into two phases – one addressing liability and the other addressing damages. DE 157.[1] Federal Rule of Civil Procedure 42 provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). As the Advisory Committee Note to Rule 42 explains, however, bifurcation is not to be routinely ordered, and the language of the Rule itself "makes clear that the decision whether to bifurcate a trial is discretionary." *Diaz v. Amerijet Int'l, Inc.*, No. 11-61812-CIV, 2012 WL 13005859, at *1 (S.D. Fla. May 25, 2012). Accordingly, bifurcation is the "exception, not the rule, and the party seeking bifurcation shoulders the heavy burden of establishing that bifurcation is warranted." *Est. of Carrillo v. Fed. Deposit Ins. Corp.*, No. 11-22668-CIV, 2012 WL 13013081, at *1 (S.D. Fla. Apr. 25, 2012).

[1] To the extent Plaintiff's Motion to Bifurcate also seeks to exclude the same evidence that is the subject of Plaintiff's Motion in Limine, the Court recommends that Plaintiff's Motion [DE 157] be denied for the same reasons as outlined above.

Here, Plaintiff principally argues that bifurcation would prevent Defendants from improperly introducing the evidence challenged in Plaintiff's Motion in Limine [DE 158] during the liability phase. DE 157 at 2. Plaintiff also generally asserts that bifurcation would promote judicial economy and efficiency because, if Defendants prevail on liability, a separate damages phase would be rendered unnecessary. *Id.* at 4.

These generalized assertions are insufficient to satisfy Plaintiff's burden under Rule 42(b). Plaintiff does not identify any specific prejudice that would result from trying liability and damages together, nor does the possibility that a verdict in Defendants' favor on liability would eliminate the need for a damages phase, standing alone, establish that bifurcation is warranted. Accordingly, the Court recommends that Plaintiff's Motion to Bifurcate [DE 157] be denied. *See Diaz*, 2012 WL 13005859, at *2 (denying defendant's motion to bifurcate because it failed to carry its burden in showing that bifurcation was warranted where it raised "vague, generalized concerns that might be present for any defendant in any trial").

## III. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's Motion in Limine [DE 156] be **DENIED**; Plaintiff's Motion to Bifurcate Trial [DE 157] be **DENIED**; and Plaintiff's Motion in Limine [DE 158] be **DENIED.**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 18th day of September, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE